956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Griffin L. PERRY, Plaintiff/Appellant,
v.
Samuel L. HOLMES, David M. Stelzner and Jacqueline Sylvain,
each individually and as employees of the United
States Department of Veterans Affairs,
Defendants/Appellees.
 No. 90-3161.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 3, 1992.*
Decided March 4, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1985, Griffin L. Perry purchased a home with a mortgage guaranteed by the United States Department of Veterans Affairs ("VA"). In 1986, he defaulted on the mortgage. The lender foreclosed the mortgage and made a claim against the VA on its loan guaranty for $12,256.72, the deficiency between the amount of indebtedness and the value of the property. The VA paid the claim and received an assignment of deficiency judgment. In May 1987, the VA received a deed to the foreclosed property and assumed all of the rights of the mortgage holder. Perry continued to occupy the premises, without paying rent, while attempting to negotiate a repurchase agreement with the VA.
 
 
 2
 Under the terms of the mortgage and the VA loan guaranty, Perry was required to maintain insurance against flood damage. The mortgage agreement further provided that "[i]n the event of foreclosure of this mortgage ... all right, title and interest of the Mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee." Moreover, the relevant federal regulations that control VA loan guaranties provide that: 1) "Any amounts paid ... on account of the liabilities of any veteran guaranteed under the provisions of 38 U.S.C. chapter 37 shall constitute a debt owing to the United States by such veteran;" 38 C.F.R. § 36.4323(e); and 2) "All moneys received under [the required flood insurance] policies covering payment of insured losses shall be applied to restoration of the security or to the loan balance." 38 C.F.R. § 36.4326.
 
 
 3
 In September 1986, the house was damaged by a flood. Perry received a check issued to him and the original mortgage holder for $7645.07, which he turned over to the VA, intending it to be used as earnest money for the repurchase of his home. The VA requested reissuance of the check to itself as payee. However, it was reissued to the VA and Perry, and the VA subsequently cashed it without Perry's endorsement, stamping "Absence of Payee's Endorsement Waiver" on the back of the check. (Perry insists that he did not waive his right to endorse the check.) The check was held in the property management account that the VA set up for Perry pending the outcome of the attempted repurchase. Repeated attempts between 1987 and 1989 to arrange for Perry's repurchase of the foreclosed property were unsuccessful. Consequently, Perry was evicted in 1989, and the VA applied the insurance proceeds to Perry's outstanding balance.
 
 
 4
 Perry filed an action against certain employees of the VA. In his amended complaint, he claimed that the defendants intentionally and maliciously processed the check, thereby taking his property without due process in violation of the Fifth Amendment. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court granted summary judgment in favor of the defendants based on the defense of qualified immunity. Perry, pro se, appeals that judgment, arguing that the district court's finding of qualified immunity defies common sense because he had a right to the proceeds of the check and the defendants knew their conduct in cashing the check without his endorsement was wrongful.[1] The VA counters that Perry had no right to the proceeds of the insurance check and that the defendants acted in accordance with federal regulations and the terms of the mortgage.
 
 
 5
 We review a district court's grant of summary judgment de novo, drawing all reasonable inferences in the light most favorable to the non-moving party. Kreutzer v. A.O. Smith Corp., No. 90-3547, slip op. at 6 (7th Cir. Dec. 18, 1991). We will affirm only if we conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (citing Fed.R.Civ.P. 56(c)).
 
 
 6
 Under the doctrine of qualified immunity, " 'government officials performing discretionary functions generally are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Hansen v. Bennett, No. 90-3727, slip op. at 3 n. 4 (7th Cir. Nov. 27, 1991) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The burden of proving a clearly established right rests with the plaintiff. Hannon v. Turnage, 892 F.2d 653, 656 (7th Cir.1990). However, before determining whether the violation of the constitutional right alleged was "clearly established" at the time that the defendants acted, we must determine "whether the plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).
 
 
 7
 Perry has not established that he had a right, constitutional or otherwise, to the proceeds of the insurance check. After the foreclosure, Perry had no property or ownership interest in the property. Rather, the VA, as owner of the property, had the exclusive right to any insurance payments for damage to the property. In any event, even if the mortgage had not been foreclosed, the terms of the mortgage agreement provided that all insurance proceeds for damage to the property were to be paid to the mortgage holder. Because Perry was not entitled to the proceeds of the insurance check, failure to obtain his endorsement did not violate any of his rights. Accordingly, the district court's grant of summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Perry's appellate brief makes references to material outside the record on appeal. We will not consider any of those references. See United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990) ("An appellant may not attempt to build a new record on appeal with evidence that was never admitted in the court below.")